IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 cv 43

| | |
|---|---|
| SHEILA FENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BILTMORE FOREST COUNTRY ) | |
| CLUB, INC., and DOES 1 through 14, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is Defendant's Motion to Strike [# 2] and Plaintiff's Motion for Leave to File an Amended Complaint [# 5].

**Background.** On February 20, 2018, Defendant Biltmore Forest Country Club, Inc. (BFCC) filed a notice or removal and included Plaintiff's state court complaint and summons. [# 1]. On that same date, BFCC filed its motion to strike portions of the complaint stating the portions are inadmissible under Federal Rule of Evidence 408 or otherwise are improper material. [# 2]. On March 6, 2018, Plaintiff filed her Motion for Leave to Amend the Complaint. [# 5]. Plaintiff included a "proposed amended and supplemental complaint" incorporating her exhibits attached to the original complaint.

**Legal Standards.** Under Fed. R. Civ. P. 12(f), the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either sua sponte or upon motion. Simaan, Inc. v. BP Products North American, Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). In a motion to strike, the burden is high and rests with the movant. Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). Motions to strike are not favored, and any doubts

about whether the motion should be granted should be resolved in favor of the non-moving party. *See* Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *2–*3 (W.D.N.C. April 8, 2011).

Immaterial describes matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Impertinent describes matter that "do[es] not pertain, and [is] not necessary, to the issues in question." Id. Scandalous material includes matter that reflects on a party's moral character or detracts from the dignity of the court. *See* Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004).

While Federal Rule of Evidence 408 remains relevant, it is not the standard for a motion under Fed. R. Civ. P. 12(f). "The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous." Lane, 2011 WL 1343201, at *3; *see* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

**Discussion.** Defendant moves to strike portions of Plaintiff's complaint and strike completely Plaintiff's proposed amended complaint. [# 2, # 12]. Defendant separates out the material it wishes the Court to strike into three categories: 1) material that would be inadmissible at trial under Fed. R. Evidence 408; 3) immaterial content related to Plaintiff's attached EEOC charges; and 3) misrepresentation of the contents of exhibit C. [# 3].

On March 6, 2018, Plaintiff moved the Court to grant her leave to amend her complaint and included a proposed amended complaint. [# 5]. On March 20, 2018, Defendant filed its response in opposition, renewing its arguments in its motion to strike and asking that the amended complaint be struck in its entirety. [# 12].

Without question, Plaintiff's inclusion of other people's EEOC charges is immaterial to *Plaintiff's claims* for relief. While attached and referenced in the complaint, the EEOC

charges filed by other people are not required for Plaintiff's relief and, furthermore, they are not referenced in the causes of action.

A less clear case is Plaintiff's attachment of a letter she sent to Defendant attempting to resolve employment issues. Plaintiff also attached Defendant's response, which is labeled: FOR SETTLEMENT PURPOSES ONLY. The Court finds these attachments to be impertinent and Defendant's response potentially scandalous. Further, at this stage, the Court does not find it helpful or necessary to have the attached exhibits.

**ORDER**

The Court **GRANTS** Defendant's motion to strike [# 2]. The Court **STRIKES** the proposed amended complaint [# 5, Ex. 1]. The Court **RESTRICTS** access, to the parties, for the following docket entries: # 1, Ex. 1; # 5, Ex. 1.

The Court **GRANTS** Plaintiff's motion for leave to amend her complaint [# 5]. Plaintiff shall have through **May 11, 2018**, to file her amended complaint. Once Plaintiff files her amended complaint, the Court directs the Clerk's Office to **STRIKE** the original complaint [# 1, Ex. 1].

The Court **DIRECTS** Plaintiff to not attach her previously filed exhibits to the amended complaint. The Court is not making a determination of whether this material is admissible under Rule 408 or relevant. Federal pleading standards only require a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); *see* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Signed: April 27, 2018

_____
Dennis L. Howell
United States Magistrate Judge