**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00043-MR-DLH**

| | | |
|---|---|---|
| SHEILA FENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| BILTMORE FOREST COUNTRY | ) | |
| CLUB, INC. and DOES ONE | ) | |
| through FOURTEEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion for

Temporary Restraining Order and Preliminary Injunction [Doc. 16].

## I.      PROCEDURAL BACKGROUND

On January 5, 2018, the Plaintiff Sheila Fender initiated this action

against Biltmore Forest Country Club, Inc. ("BFCC") and several Doe

Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C.

§§ 201 *et seq.* ("FLSA"), and the North Carolina Wage and Hour Act, N.C.

Gen. Stat. §§ 95-25.1, *et seq.* ("NCWHA").  [Doc. 1-2].  On February 20,

2018, BFCC removed the action to this Court based on the existence of

federal question jurisdiction.  [Doc. 1].  On May 11, 2018, the Plaintiff filed an

Amended Complaint, asserting additional claims of retaliation based upon events that occurred after the filing of the original Complaint.  [Doc. 15].

At 7:17 p.m. on Friday, May 18, 2018, the Plaintiff filed the present motion seeking the immediate issuance of a temporary restraining order and a preliminary injunction enjoining BFCC from engaging in any further acts of retaliation against the Plaintiff, including among other things, terminating and/or threatening to terminate her employment.  The Plaintiff states that BFCC has indicated through its counsel that BFCC may deliver notice of termination as soon as Monday, May 21, 2018.  [Doc. 16].

## II.  STANDARD OF REVIEW

A plaintiff seeking a preliminary injunction must demonstrate that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm absent injunctive relief, (3) the balance of equities tips in her favor, and (4) the injunction would be in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24.  Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542

(1987).  The same standards apply to a temporary restraining order, except taking into account the *ex parte* and emergency nature of the request. Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court.  See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III.  ANALYSIS

In her motion, the Plaintiff requests that the Court enjoin BFCC from engaging in any further acts of retaliation against her in violation of the FLSA, including terminating and/or threatening to terminate her employment.  [Doc. 16 at 1].  The Plaintiff contends that the failure to enjoin further retaliatory activity will affect the future of her employment with BFCC, and may also affect the willingness of other employees to testify in the Plaintiff's favor out of fear of termination or other disciplinary repercussions.  [Id.].

The potential termination of the Plaintiff's employment does not constitute irreparable injury because any such injury, if it occurs, can be remedied fully by the award of money damages, and if appropriate, reinstatement and back pay.  Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages

at judgment, courts generally have refused to find that harm irreparable.");

Ahmad v. Long Island Univ., 18 F. Supp. 2d 245, 249 (E.D.N.Y. 1998) (denying preliminary injunctive relief on the grounds that termination of plaintiff's employment may be remedied by money damages and therefore does not in and of itself constitute irreparable injury).

As for the Plaintiff's contention that a failure to enjoin BFCC would have an overall chilling effect on the willingness of witnesses to come forward, the Plaintiff offers no evidence in support of this contention. The Plaintiff's speculation that other employees might be deterred from testifying in her favor is simply insufficient to demonstrate the likelihood of irreparable harm necessary to establish entitlement to the extraordinary remedy of preliminary injunctive relief. See M.A.B. v. Board of Educ. of Talbot County, 286 F. Supp. 3d 704, 726 (D. Md. 2018) (noting that irreparable harm cannot be "remote or speculative") (citation and internal quotation marks omitted). Moreover, the Plaintiff has failed to demonstrate how the requested injunctive remedy would eliminate the risk of any such chilling effect. See Shady v. Tyson, 5 F. Supp. 2d 102, 108 (E.D.N.Y. 1998) ("Given that the source of any 'chill' on the First Amendment rights of either plaintiff or other employees is the permanent loss of plaintiff's job, the interim injunctive relief plaintiff seeks in

his instant motion will do nothing to thaw that chill.") (citation and internal quotation marks omitted).

For all these reasons, the Plaintiff's motion for a preliminary injunction is denied.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 16] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 21, 2018

Martin Reidinger
United States District Judge