## SETTLEMENT AND RELEASE AGREEMENT

Sheila Fender and Biltmore Forest Country Club, Inc. enter into this Settlement and Release Agreement ("Agreement"):

## RECITALS

Plaintiff Fender ("Fender") filed a lawsuit in the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, against Biltmore Forest Country Club, Inc. ("BFCC") Case Number 17-CV-05603, alleging a claim for failure to pay wages for all hours worked and failure to compensate for overtime pursuant to 29 U.S.C § 201 et seq. and N.C. Gen. Stat. § 95-25.1 et seq. Defendant Biltmore Forest Country Club, Inc. removed that lawsuit to the United States District Court for the Western District of North Carolina (Case Number 1:18-CV-43). After Fender's termination from BFCC, she planned to file additional administrative charges and to amend her lawsuit to include claims for retaliation, wrongful discharge, defamation and tortious interference with contract, among other claims. BFCC denies any sort of wrongdoing against Fender. However, to avoid the uncertainty, time and expense of more litigation, the parties now agree to settle all claims and disputes that exist between them. By signing this Agreement, Fender and BFCC agree as follows:

## PROMISES & ACKNOWLEDGEMENTS

1.     Upon Court approval of this Release and Settlement Agreement and upon payment to Fender of the settlement amount as referenced in Paragraph 6, Fender and her attorney will dismiss the lawsuit she has filed against BFCC with prejudice and will likewise dismiss any other lawsuits or claims that she may have pending against BFCC. Fender represents that she has not filed any EEOC, REDA or other administrative charge or claim against BFCC or any of its employees, agents, members or Governors other than EEOC Charge Number 430-2017-01599.

2.      Fender releases and discharges BFCC (as well as any BFCC past or present Governors, employees, agents, attorneys, or insurers for acts or omissions made by the same in the line and scope of their respective position(s) with BFCC) from any and all claims, causes of action, demands or controversies of any kind or character, whether known or unknown at this time, and whether arising under any federal, state or local law, or any contract. The rights and claims Fender is releasing and discharging include those which could arise under the Fair Labor Standards Act the Retaliatory Employment Discrimination Act; as well as any other federal, state or local law, or under any contract including, but not limited to claims for wrongful discharge, defamation or tortious interference with contract. Fender understands her release of all claims that she has or may have against BFCC is irrevocable and will be effective immediately following the Court approval of this Settlement Agreement, and the payment of all monies described in paragraph 6 of this agreement.

3.      The terms and existence of this Agreement shall be confidential, except as to the party's attorneys, tax advisors, auditors, and the BFCC Board of Governors. Subject to those exceptions, the parties shall limit any statement to stating only that "the matter has been resolved" or words to that effect. As such, subject to the above exceptions and except to the extent required by law, the Parties agree that they will not disclose any information concerning the existence of, or the details or terms of the settlement or any information concerning any aspect of this Agreement, in any way whether to an individual or individuals, by any means, including on any form of social media, absent a lawful court order or subpoena. The Parties will instruct any above listed authorized recipient of such confidential information that such person may not communicate any information protected by this confidentiality provision to any other person.

4. ███████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████

5.    On or before September 19, 2018, in return for Fender's promises in this Agreement, ██████████████████████████████████
█████████████████████████████████████████
████████████████████ less legally required withholdings, and to report such payment on Fender's W2. This severance pay is in addition to the THIRTY FOUR THOUSAND FOUR HUNDRED AND TWENTY NINE DOLLARS AND FIFITY CENTS ($34,429.50), which was previously paid to Fender by BFCC pursuant to Fender's claim for failure to pay wages for all hours worked and failure to compensate for overtime pursuant to 29 U.S.C § 207.

6. ███████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████

8.    Fender acknowledges and agrees that neither BFCC nor any of BFCC's representatives have made any representations to them regarding the tax consequences of any amount received by him pursuant to this Agreement. Fender also agrees that her decision to enter this Agreement is not based, in any way, on any statement or representation made by BFCC or their attorneys – other than, of course, those statements and representations made in this document. This Agreement sets forth the entire understanding between Fender and BFCC. No other agreements have been made either orally or in writing. This Agreement may be amended only by a written agreement signed by all parties.

9.    This Agreement is made to avoid the cost and effort of continued litigation. This Agreement shall not be construed as any sort of admission of

wrongdoing.

10.     Fender warrants she has 100% ownership of the claims she is waiving through this Agreement and that she has complete legal authority to enter into this Agreement.  Likewise, the representative(s) of BFCC signing this Agreement on behalf of BFCC represents and warrants that s/he has any and all authority and approval of BFCC to enter into this Agreement. This Agreement shall benefit and bind the parties, their representatives, heirs and successors.  Each party agrees that it shall not assign, and represents and warrants that it has not assigned, any interest in this Agreement.

11.     Should any provision of this Agreement be declared unlawful or invalid, all other provisions shall remain in full force and effect.

12.     This Agreement has been fully and fairly negotiated by the attorneys for Fender and the BFCC.  This Agreement is the work product of all parties and shall not be construed as "drafted by" any single party or construed "against" any party.

13.     The validity, construction, interpretation, performance and enforcement of this Agreement shall be governed by the laws of the State of North Carolina.

14.     Each party shall bear his, her, or its own attorneys' fees, costs, and pro rata share of the mediator's fees.

_Sheila Fender_                                         _9/18/18_

Sheila Fender                                            Date

Biltmore Forest Country Club, Inc.

By: _____ COO/GM _____ 9/17/18 _____
                                              Date